# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ODILLIA MUTAKA MWANI, et al.,     :
          :
    Plaintiffs,        :
          :     Civil Action No. 99-125 (JMF)
    v.          :
          :
UNITED STATES, et al.,       :
          :
    Defendants.       :
          :

## ORDER

This case is now in a most curious procedural posture. Whatever the original parties [1] the

defendants were, until recently, Osama Bin Laden and Al Qaida. With the President's

announcement of the death of Bin Laden and the burial of his body at sea, plaintiffs have

suggested his death and intimated that his personal representative (assuming that concept applies

in whatever forum may assert jurisdiction over whatever property he had at his death) will not be

substituted for him.  Thus, this lawsuit is now between plaintiffs who are citizens of Kenya and

Al Qaida.  That means that this is now a suit between aliens and a organization that is made up of

aliens. Thus, it obviously does not fall within the grant of jurisdiction in Article III of the

Constitution which extends the judicial power of the United States to "Controversies . . . between

a State, or the Citizens thereof, and foreign States, Citizens of Subjects."  U.S. Const, Article III,

section 2.  Jurisdiction has previously been found in this case through the Alien Tort Statute, 28

U.S.C. § 1350 (West 2011), but legal events suggest that the questions of jurisdiction and

---

[1] The only remaining defendants in this case are Bin Laden and Al Qaida as The United States, Libya and Afghanistan have all been dismissed as defendants in this case.

whether the complaint states a claim upon which relief can be granted are now much more complicated.

First, in July of this year, the court of appeals decided Doe v. Exxon Mobil Corp., 654 F.3d 11 (D.C. Cir. 2011) concluding (inter alia) that the Alien Tort Statute reaches a claim for relief against an American corporation. In dissent, however, Judge Kavanaugh insisted that the Alien Tort Statute could not possibly be interpreted to reach "conduct that occurred in foreign lands." Id. at 74. (Kavanaugh, J. dissenting).

Additionally, there was published last year a work of particularly detailed scholarship that explicates the historical circumstances surrounding the enactment of the Alien Tort Statute and insists that it cannot be interpreted to permit the exercise of federal jurisdiction over an action between aliens, let alone between them pertaining to events that occurred in a foreign country. Anthony J. Bellia, Jr. & Bradford J. Clark, The Alien Tort Statute and the Law of Nations, 78 U. Chi. L. Rev. 445 (2011).

Finally, on November 14, 211, the court of appeals en banc ordered that the petition for rehearing by appellee/cross appellant Exxon be stayed pending the decision of the Supreme Court in two Alien Tort Statute cases[2] in which certiorari has been granted. Doe v. Exxon Mobil Corp., 09-7135 (D.C. Cir. Nov. 14, 2011). While it is not perfectly clear that the Supreme Court will reach the issue raised by Judge Kavanaugh's dissent or the article cited, these developments convince me that it might well be a profligate waste of judicial resources to proceed any further in this case in this controversial area without what may be dispositive guidance from the

---

[2] The cases being heard are Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111 (2d Cir. 2010), cert. granted, 79 U.S.L.W. 3728 (U.S. Oct. 17, 2011) (No. 10-1491); and Mohamad v. Rajoub, 634 F.3d 604 (D.C. Cir. 2011), cert. granted, 80 U.S.L.W. 3128 (U.S. Oct. 17, 2011) (No. 11-88).

Supreme Court and then the court of appeals as to whether this court even has jurisdiction to proceed.

**IT IS THEREFORE ORDERED THAT** all proceedings in this case are stayed pending the resolution of appellees/cross appellants petition for rehearing en banc in <u>Doe v. Exxon Mobil Corp.</u>

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE